UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LIFEBRITE LABORATORIES, LLC; and CHRISTIAN FLETCHER,<br><br>    Plaintiffs,<br><br>v.<br><br>BLUE CROSS AND BLUE SHIELD OF FLORIDA, INC. d/b/a FLORIDA BLUE; BLUE CROSS BLUE SHIELD HEALTHCARE PLAN OF GEORGIA, INC.; ELEVANCE HEALTH, INC. f/k/a ANTHEM INSURANCE COMPANIES, INC.; UNITEDHEALTH GROUP INCORPORATED, AETNA HEALTH INC. (Georgia); and AETNA HEALTH INC. (Florida),<br><br>    Defendants. | Case No. 1:23-cv-03748-JPB |

**DEFENDANT ELEVANCE HEALTH, INC.'S
MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**

94398213.2

Pursuant to Federal Rule of Civil Procedure 12(b)(2), Defendant Elevance Health, Inc. ("Elevance") hereby moves to dismiss the First Amended Complaint ("FAC") filed against it by Plaintiffs LifeBrite Laboratories, LLC ("LifeBrite") and Christian Fletcher ("Fletcher") (collectively, "Plaintiffs").

## INTRODUCTION

Plaintiffs initially filed suit against The Elevance Health Companies, Inc. f/k/a Anthem Insurance Companies, Inc. and others, asserting claims for malicious prosecution and other torts. On December 15, 2023, Plaintiffs filed their FAC, replacing Elevance Health, Inc. for The Elevance Health Companies, Inc.

Elevance is not subject to personal jurisdiction in Georgia. Plaintiffs allege that Elevance provided misleading claims data to federal law enforcement to avoid paying benefit claims. But the data at issue was produced by Elevance subsidiaries in response to subpoenas *to those subsidiaries*. It is black-letter law that Elevance—a holding company—cannot be subject to personal jurisdiction based on its subsidiaries' contacts. Even if Elevance had performed the acts complained of, the allegations are insufficient to confer personal jurisdiction.

## BACKGROUND[1]

Elevance is an Indiana corporation with a principal place of business in Indiana. (FAC ¶ 13; Declaration of Deborah Wells ("Wells Decl."), ¶ 4.) Plaintiffs

---

[1] Elevance incorporates the Defendants' Joint Motion to Dismiss of today's date.

1

94398213.2

make conclusory allegations that Elevance, "*through its subsidiaries*, is authorized to do business in the state of Georgia and does in fact transact business in Gwinnett County" and has "minimum contacts with the State of Georgia, transact[s] substantial business in the State of Georgia, ha[s] committed torts in the State of Georgia, and ha[s] aided and abetted, and tortiously conspired with, [] BCBS Ga and Aetna Georgia…Georgia corporations," (FAC ¶¶ 13 & 17) (emphasis added), but lack any well-pleaded facts supporting these legal conclusions.

Plaintiffs have overreached. Their only allegations tying Elevance to Georgia are that: (1) it has a subsidiary in Georgia (*i.e.*, BCBSGA); and (2) it investigated a spike in claims submitted by hospitals in Georgia. (FAC ¶¶ 13, 126.) But the FAC alleges that the investigation of the spike in claims from Georgia hospitals was conducted *by BCBSGA*, an independent entity and separately named as a defendant. (*Id.* ¶ 117.) Plaintiffs have not, and cannot, identify any actions of Elevance in this action at all, much less any actions connected to Georgia.

## ARGUMENT

On a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of alleging facts sufficient to establish a *prima facie* case of jurisdiction over a non-resident defendant. *Abramson v. Walt Disney Co.*, 132 F. App'x 273, 275 (11th Cir. 2005). If plaintiff alleges sufficient facts, the burden shifts to the defendant to "raise through affidavits, documents or testimony a meritorious

2

94398213.2

challenge." *Thomas v. Brown*, 504 F. App'x 845, 847 (11th Cir. 2013). If the defendant does so, the burden of proof shifts back to plaintiff. *Id*.

## I. **Elevance Should be Dismissed for Lack of Personal Jurisdiction.**

### A. **Elevance is not subject to general jurisdiction in Georgia.**

There is no basis for general jurisdiction over Elevance. *See Carmouche v. Tamborlee Mgmt., Inc.*, 789 F.3d 1201, 1204 (11th Cir. 2015). General jurisdiction requires such "substantial, persistent, continuous, and systematic business contacts" such that the defendant is "essentially at home in the forum state." *Ibid*. Elevance is an Indiana corporation, is not registered to do business in Georgia, and does not have an agent for service of process there. (FAC ¶ 13; Wells Decl., ¶¶ 4-5.) It is a public holding company whose primary functions are to hold the equity of its subsidiaries, issue equity and debt securities to the public, and file reports with the United States Securities and Exchange Commission. (*Id*. ¶ 7.) Plaintiffs do not plead a *prima facie* case of general jurisdiction.

### B. **Elevance is not subject to specific jurisdiction in Georgia.**

There is no basis for the application of specific jurisdiction over Elevance. The Court may find personal jurisdiction over a nonresident defendant if it would "(1) be appropriate under the state long-arm statute and (2) not violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution." *Carmouche*, 789 F.3d at 1203 (articulating standard for specific jurisdiction over

3

nonresident defendant); O.C.G.A. § 9-10-91 (Georgia long-arm statute).

The Georgia long-arm statute "imposes independent obligations … distinct from the demands of procedural due process." *Glarner v. Intact Ins. Co.*, Case No. 7:19-cv-187 (WLS), 2020 WL 4810687, at *3 (M.D. Ga. Apr. 28, 2020) (citations omitted). The long-arm statute conveys specific jurisdiction over a non-resident defendant where the cause of action arises from defendant's acts within Georgia and the defendant: (1) [t]ransacts any business within [Georgia]; (2) [c]ommits a tortious act or omission within this state…; [or] (3) commits a tortious injury in [Georgia] caused by an act or omission outside [Georgia] if the tort-feasor regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from…[Georgia]. O.C.G.A. § 9-10-91.

The first and third prong are not satisfied because the FAC does not allege that Plaintiffs' causes of action arise from Elevance operating a business in, or having an office in, Georgia. (*See* FAC.) Nor do Plaintiffs allege that Elevance does or solicits business in Georgia, engages in any persistent course of conduct, or derives substantial revenue from Georgia. (*Id.*) Even if Plaintiffs had, the Court need not accept "conclusory allegations," *Oxford Asst Mgmt., Inc. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002), or "legal conclusion[s]." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

The second prong is not satisfied because the FAC does not identify any

action taken by Elevance in Georgia concerning the allegedly tortious conduct. The FAC alleges that Elevance investigated a spike in claims submitted by hospitals in Georgia and other states[2] (FAC ¶¶ 13, 126), but also that the investigation concerning Georgia hospitals was conducted *by BCBSGA*, a separately named defendant. (FAC ¶ 117.) Thus, Plaintiffs have not, and cannot, identify any actions of Elevance in this action at all, much less any actions connected to Georgia.

Plaintiffs' remaining allegations are insufficient. Plaintiffs allege Elevance provided claims data to the DOJ in response to grand jury subpoenas but do not allege any connection to Georgia. (FAC ¶ 128.) And the grand jury subpoenas were to independent subsidiaries of Elevance, not to Elevance itself. (Declaration of John Iacovelli ("Iacovelli Decl."), ¶ 7 & Ex. B; Wells Decl. ¶¶ 8-10; Declaration of Jeffrey S. Gleason ("Gleason Decl."), ¶ 3 & Ex. A.)

Plaintiffs cannot establish personal jurisdiction over Elevance through a conclusory allegation that Elevance conspired with or aided and abetted a resident Defendant. (*See* FAC ¶ 17.) As set forth in Defendants' Joint Motion to Dismiss of today's date, incorporated by reference herein, Plaintiffs' civil conspiracy claims fail. Plaintiffs have not alleged an "agreement" between Defendants, nor facts supporting that Elevance "knowingly participated" in another Defendant's

---

[2] Plaintiffs named BCBSGA as a defendant even though BCBSGA only produced claims data relating to Chestatee Regional Hospital (Iacovelli Decl., Ex. B), which Fletcher declared under oath Plaintiffs were not involved with. (*See* Dkt. 28-2.)

5

94398213.2

malicious prosecution of Fletcher. *See Zeal Glob. Servs. Priv. Ltd. v. SunTrust Bank*, 508 F. Supp. 3d 1303, 1313-16 (N.D. Ga. 2020); *Durham Com. Cap. Corp. v. Liriano*, 2019 WL 13207588, at *5-6 (N.D. Ga. Aug. 26, 2019). Plaintiffs have not asserted an actionable conspiracy or aiding and abetting claim.

The Court can end its inquiry here. But if the Court engages in the due process inquiry, it would require a three-part test evaluating: (1) whether plaintiffs' claims "arise out of or relate to" at least one of the defendant's contacts with the forum; (2) whether the defendant "purposefully availed" itself of the privilege of conducting business activities within Georgia; and (3) whether the exercise of jurisdiction would violate traditional notions of fair play and substantial justice. *See Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1355 (11th Cir. 2013). Plaintiffs' claims cannot arise out of or relate to Elevance's contacts with Georgia because Elevance did not participate in the alleged Georgia contacts. (Iacovelli Decl. & Exs. A-D.) Nor did Elevance purposefully avail itself of the privilege of conducting business activities in Georgia by cooperating with law enforcement. The investigation took place primarily outside of Georgia, and the acts complained of are absolutely privileged. Cooperation with law enforcement or legal proceedings is insufficient to establish minimum contacts for personal jurisdiction.[3]

---

[3] *E.g.*, *United States v. Coburn*, 2022 WL 357217, at *15 (D.N.J. Feb, 1, 2022), *on reconsideration in part*, 2022 WL 874458 (D.N.J. Mar. 23, 2022) (cooperation with investigators not purposeful availment); *Rollins v. People's Bank Corp.*, 2004

The grand jury subpoenas were issued to and responded to by BCBSGA and RightCHOICE Managed Care, Inc., not Elevance. (Iacovelli Decl. ¶ 7 & Ex. B; Gleason Decl. ¶ 3 & Ex. A.) Grand jury and trial testimony was compelled by subpoenas to individual persons. (*See, e.g.*, Iacovelli Decl. ¶¶ 8-9 & Exs. C & D.) And as to contacts with the U.S. Attorney's Office for the Northern District of Georgia, Plaintiffs allege these were with an investigator at *BCBSGA*. (FAC ¶ 122.)

### C. Elevance's subsidiaries' contacts are irrelevant.

Plaintiffs' claims against Elevance rely on their disregard for the distinction between a corporate parent and its subsidiaries. (FAC ¶ 13 ("Elevance Health, Inc. . . . *through its subsidiaries*…").) The acts of subsidiaries cannot confer personal jurisdiction over a parent. *Consol. Dev. Corp. v. Sherritt, Inc.*, 216 F.3d 1286, 1293 (11th Cir. 2000) ("[A] foreign parent corporation is not subject to the jurisdiction of a forum state merely because a subsidiary is doing business there.").

### **CONCLUSION**

For the foregoing reasons, Elevance respectfully requests that the Court dismiss the claims against it in this action pursuant to Rule 12(b)(2).

---

WL 2725039, at *4 (S.D.N.Y. Nov. 29, 2004) (similar); *Donovan v. Bishop*, 2010 WL 4168639, at *2 (S.D. Ind. Oct. 18, 2010) (travel to Indiana to give a deposition in insufficient minimum contacts); *Claro v. Mason*, 2007 WL 654609, at *10 (S.D. Tex. Feb. 27, 2007) (communications with law enforcement not purposeful acts).

7

94398213.2

Dated this day, January 12, 2024.        Respectfully submitted,

**TROUTMAN PEPPER HAMILTON SANDERS LLP**
By: */s/ Harold D. Melton*
Harold D. Melton
Georgia Bar No.: 501570
harold.melton@troutman.com
600 Peachtree Street, N.E.
Atlanta, GA 30308
Telephone:  (404) 885-3000

**ROBINS KAPLAN LLP**
Jeffrey S. Gleason
*Admitted pro hac vice*
JGleason@RobinsKaplan.com
Nathaniel J. Moore
*Admitted pro hac vice*
NMoore@RobinsKaplan.com
800 LaSalle Avenue, Suite 2800
Minneapolis, MN 55402
Telephone: (612) 349-8500

*Counsel for Elevance Health, Inc.*

94398213.2

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 12, 2024, a true and correct copy of the foregoing was filed with the Clerk of Court using CM/ECF.

By: */s/ Harold D. Melton*

94398213.2